**WO**                                                                                                          SC

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Harry Leon Washington,  )   No. CV 10-1680-PHX-GMS (JRI)
        Petitioner,  )   **ORDER**
vs.  )
Charles Ryan, et al.,  )
        Respondents.  )

Petitioner Harry Leon Washington, who is confined in the Arizona State Prison Complex, Kaibab North, in Winslow, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee. The Court will require a response to the Petition.

**I.     Petition**

Petitioner was convicted in Maricopa County Superior Court, case #CR91-00926 and CR 90-02815. Petitioner fails to identify any crime or sentence received in either case. He indicates in Ground Three that he was convicted of second degree murder. Although Petitioner fails to state the length of his sentence, according to information available at the Arizona Department of Corrections website, Plaintiff received a life sentence in addition to lesser sentences for theft and second degree burglary. Petitioner names Charles Ryan as Respondent and the Arizona Attorney General as an Additional Respondent.

Petitioner raises four grounds for relief. In Grounds One and Two, Petitioner appears to allege that he received the ineffective assistance of counsel at trial. In Ground Three,

**TERMPSREF**

1 Petitioner alleges that he was denied due process by the prosecutor where the prosecutor
2 failed to instruct the jury on lesser-included offenses. In Ground Four, Petitioner alleges that
3 he was denied a fair trial where the trial court sentenced Petitioner as an habitual offender
4 without findings by the jury. The Court will require Respondents to answer the Petition. 28
5 U.S.C. § 2254(a).

**II.    Warnings**

**A.    Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.    Copies**

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

**C.    Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The Clerk of Court must serve a copy of the Petition (Doc. 1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(2)    Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer

1 limited to relevant affirmative defenses, including but not limited to, statute of limitations, 2 procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only 3 those portions of the record relevant to those defenses need be attached to the answer. 4 Failure to set forth an affirmative defense in an answer may be treated as a waiver of the 5 defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative 6 defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules 7 Governing Section 2254 Cases.

(3) Petitioner may file a reply within 30 days from the date of service of the answer.

(4) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 15th day of September, 2010.

_____
G. Murray Snow
United States District Judge