# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Harry Leon Washington,** Petitioner -vs- **Charles L. Ryan, et al.,** Respondents | CV-10-1680-PHX-GMS (JRI) **REPORT & RECOMMENDATION On Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Douglas, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 9, 2010 (Doc. 1). On October 20, 2010 Respondents filed their Answer (Doc. 8). Petitioner has not replied.

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. PROCEEDINGS AT TRIAL

In 1990, Petitioner was convicted on charges of burglary and theft, and was placed on probation. In 1991, Petitioner was indicted on one count of second degree murder, and a petition was filed to revoke his probation. Petitioner was convicted by a jury, and his probation was revoked. On August 16, 1991, in a consolidated sentencing proceeding, Petitioner was sentenced in the Maricopa County Superior Court to concurrent terms of five

and four years on the original prosecution, and a consecutive mandatory life term with a possibility of release after 25 years. (Exhibit A, Mem. Dec. 3/16/93 at 2-3.) (Exhibits to the Answer, Doc. 8, are referenced herein as "Exhibit ___.")

## C. PROCEEDINGS ON DIRECT APPEAL

Petitioner filed a direct appeal. Counsel filed an Opening Brief (Exhibit O) voicing an inability to find an issue for review, and Petitioner filed a Supplemental Brief (Exhibit P) with the assistance of counsel. The appeal was denied in a Memorandum Decision (Exhibit A) filed March 16, 1993. Petitioner sought review by the Arizona Supreme Court (Exhibit Q), which was denied on October 22, 1993. (Exhibit B.)

Petitioner did not seek review by the U.S. Supreme Court. (Petition, Doc. 1 at 3.)

## D. PROCEEDINGS ON POST-CONVICTION RELIEF

Petitioner then filed a series of post-conviction relief (PCR) proceedings.[1]

**1992 Proceeding** - During the pendency of his direct appeal, Petitioner filed his first PCR Petition (Exhibit C), which he then withdrew on October 27, 1992. (Exhibit D, Mot. Withdraw; Exhibit E Order 10/27/1992.)

**1995 Proceeding** - Petitioner filed his first PCR notice on February 14, 1995 with the Maricopa County Superior Court (Exhibit F) and a second PCR notice on March 21, 1996 with the Navajo County Superior Court (Exhibit G). On March 21, 1997, Petitioner filed his second PCR Petition (Exhibit H) in the Marciopa County Superior Court. This Petition was dismissed in June 1997. (Exhibit M, Response at 2.) The parties do not provide the exact date of the dismissal. Because it does not affect the outcome, the undersigned assumes for purposes of this Report and Recommendation that it was the latest possible such date, June 30, 1997.

**1997 Proceeding** - On September 19, 1997, Petitioner filed his third PCR notice

---

[1] Petitioner contends in his Petition that he only filed one PCR petition. (Petition, Doc. 1 at 3-4.) The record reflects the stream of petitions reflected herein.

- 2 -

(Exhibit I). On July 27, 1998, he filed his third PCR Petition (Exhibit N). On November 9, 1998, the PCR petition was denied. (Exhibit J.)

**2000 Proceeding** - On June 9, 2000, Petitioner filed his fourth PCR Petition (Exhibit K). An order dismissing this "appeal" was issued August 20, 2001 (Exhibit L).

## E. PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 9, 2010 (Doc. 1). The Petition is dated by Petitioner as begin mailed on August 4, 2010. (*Id.* at 11.) Petitioner's Petition asserts four grounds for relief, including: (1) ineffective assistance of trial counsel in failing to investigate; (2) ineffective assistance of trial counsel with regard to plea agreement; (3) denial of due process in prosecutor's "instructions"; and (4) sentence based on finding of habitual offender without findings by jury.

**Response** - On October 20, 2010 Respondents filed their Response ("Answer") (Doc. 8). Respondents argue that the petition is untimely and the claims procedurally defaulted.

**Reply** - Petitioner was given thirty days from service of the Answer to reply. (Order 9/15/10, Doc. 4 at 3.) Petitioner has not done so, and the time to do so expired November 22, 2010.

## III. APPLICATION OF LAW TO FACTS

### A. TIMELINESS

### 1. One Year Limitations Period

Respondents assert that Petitioner's Petition is untimely. As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts. 28 U.S.C. § 2244(d). Petitions filed beyond the one year limitations period are barred and must be dismissed. *Id.*

**2. Commencement of Limitations Period**

The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] For purposes of 28 U.S.C. § 2244, "direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *See Bowen v. Roe*, 188 F.3d 1157, 1158 (9th Cir.1999).

Here, Petitioner did not seek a writ of certiorari following the denial of his petition for review by the Arizona Supreme Court. The time for doing so expired 90 days after entry of an order denying discretionary review. U.S.S.Ct. R. 13(1). Thus, Petitioner's conviction became final 90 days after the October 22, 1993 denial of review by the Arizona Supreme Court, or on January 20, 1994.

However, the AEDPA was not adopted until April 24, 1996. "State prisoners...whose convictions became final prior to AEDPA's enactment [on April 24, 1996], had a one-year grace period in which to file their petitions." *Patterson v. Stewart,* 251 F.3d 1243, 1245 (9th Cir. 2001). Under Rule 6(a), Federal Rules of Civil Procedure, that one year grace period "ended on April 24, 1997 in the absence of statutory tolling." *Id.* at 1246.

Thus, barring any statutory tolling, Petitioner's one year began to run after April 24, 1996, and he had until April 24, 1997 to file his federal habeas petition.

**3. Statutory Tolling**

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

---

[2] While the finality of the conviction is the normal commencement date for the habeas limitations period, the statute does provide various exceptions, including newly recognized claims and newly discovered factual predicates, *see* 28 U.S.C. § 2244(d)(1), Petitioner does not assert any of these apply. It does not appear to the undersigned that these have any application.

Here, Petitioner's 1995 PCR proceeding was pending from February 14, 1995, until it was dismissed in June 1997.[3] As noted above, the undersigned presumes this was on June 30, 1997. His statutory one year ran thereafter, from July 1, 1997 until September 19, 1997, when Petitioner filed his third PCR notice (Exhibit I), for a total of 80 days. That proceeding remained pending until November 9, 1998, when the PCR petition was denied. (Exhibit J.)

Thereafter, the remaining 285 days of Petitioner's one year continued to run until August 23, 1999, when Petitioner's one year expired.

On June 9, 2000, Petitioner filed his fourth PCR Petition . Once the habeas statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

Accordingly, granting Petitioner all applicable statutory tolling, his one year expired on August 23, 1999, and his Petition filed in August, 2010 is almost eleven years delinquent.

### 5. Equitable Tolling

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.' " *Miranda v. Castro,* 292 F.3d 1063, 1066

---

[3] Petitioner's first PCR proceeding, which was withdrawn, was no longer pending afer October 27, 1992. This was prior to the commencement of the one year, and thus is irrelevant for purposes of statutory tolling of the one year.

- 5 -

(9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.).

In his Petition, Petitioner argues that his delay should be excused because he had never done his own legal work before, and was represented from 1998 through 2010, and he does not understand why they did not act.

A prisoner's pro se status is not an extraordinary circumstance. *Felder v. Johnson*, 204 F.3d 168 (5th Cir. 2000). And, "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999).

Nor does mere inaction by counsel establish extraordinary circumstances justifying equitable tolling. Although an attorney's behavior can establish the extraordinary circumstances required for equitable tolling, mere negligence or professional malpractice is insufficient. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir.2001). A "garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline does not warrant equitable tolling.' " *Holland v. Florida*, 130 S. Ct. 2549, 2564 (2010). Petitioner makes no suggestion of any facts upon which the Court could base a finding of the kind of extraordinary malfeasance by counsel which would justify equitable tolling. Petitioner asserts he doesn't understand counsel's failure to act. The letter from the Arizona Justice Project to Petitioner, dated July 15, 2010, reflects their refusal to proceed because of the lack of viable grounds. Rather than reflecting egregious conduct, that appears to represent conscientious representation.

The undersigned finds no basis for equitable tolling.

## 6. Summary

Petitioner's conviction became final on January 20, 1994, upon expiration of his time to file a petition for writ of certiorari. Thus, his one year began to run upon passage of the AEDPA, was tolled during the pendency of his second and third PCR proceedings, and expired on August 23, 1999. Petitioner's Petition, filed in August, 2010 was almost eleven years delinquent. Petitioner has not shown extraordinary circumstances which precluded him

from timely filing, and thus is not entitled to any equitable tolling. Accordingly, the Petition must be dismissed with prejudice as untimely.

**B.  PROCEDURAL DEFAULT/PROCEDURAL BAR**

Respondents argue Petitioner's claims are also procedurally defaulted or procedurally barred. Because the undersigned concludes that the Petition is plainly time barred, these issues are not reached.

## IV.  CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists

of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling." Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed August 9, 2010 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this Report & Recommendation is adopted, that a certificate of appealability **BE DENIED**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to *Local Civil Rule 7.2(e)(3)*, unless otherwise permitted by the Court, an objection to a Report and Recommendation shall not exceed ten (10) pages. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of

the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: October 3, 2011

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\10-1680-001r RR 11 09 19 re HC.wpd