**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harry Leon Washington,      ) | No. CV-10-1680-PHX-GMS |
|                             ) | |
|     Plaintiff,              ) | **ORDER** |
|                             ) | |
| vs.                         ) | |
|                             ) | |
| Charles L. Ryan, et al.,    ) | |
|                             ) | |
|     Defendants.             ) | |
|                             ) | |

Pending before this Court is a Petition for Writ of Habeas Corpus filed by Petitioner Harry Leon Washington. (Doc. 1). Magistrate Judge Jay R. Irwin issued a Report and Recommendation ("R & R") recommending that the Court deny the petition with prejudice. Petitioner has objected to the R & R. (Docs. 10–11). For the following reasons, the Court accepts the R & R, and denies the petition.

**BACKGROUND**

Petitioner was convicted of second degree murder on July 8, 1991 in Maricopa County Superior Court. (Doc. 1 at 1; Doc. 8, Ex. A at 2). At that time of trial Petitioner's defense attorney was Edward J. Susse. (Doc. 1 at 6, Doc. 11 at 2). On August 16, 1991 Petitioner was sentenced to life with the possibility of release after serving 25 years. (Doc. 8, Ex. A at 3). Petitioner filed an appeal with the Arizona Court of Appeals on March 4, 1992 which was denied on March 16, 1993. (*Id.*, Exs. A, O). On June 24, 1993, Petitioner requested review

from the Arizona Supreme Court. (*Id.*, Ex. Q). That request was denied on October 22, 1993. (*Id.*, Ex. B). Petitioner did not seek review by the United States Supreme Court. (Doc. 1 at 3; Doc. 10 at 2:11).

## I. Post-Conviction Relief Proceedings

Petitioner filed four petitions for post-conviction relief ("PCR"). Petitioner filed his first PCR petition on August 13, 1992 and later withdrew that petition. (Doc. 8, Exs. C–D). On March 21, 1997, Petitioner filed a second petition for PCR which was dismissed in June of 1997. (*Id.*, Exs. H & M at 2). Because an exact date for that dismissal is not provided, it is deemed as dismissed on June 30, 1997. (Doc. 10 at 2:23–25).

In March 1998, Petitioner's family retained Joseph Collins to represent him. (Doc. 1 at 5; Doc. 11 at 1). Petitioner filed a third PCR petition on July 27, 1998. (Doc. 8, Ex. N). It was dismissed on November 6, 1998. (*Id.*, Ex. J). On June 9, 2000, Mr. Collins filed Petitioner's fourth PCR petition which was dismissed on August 20, 2001. (Doc. 8, Exs. K–L).

## II. Present Proceeding

Petitioner states that he contacted the Arizona Justice Project ("Project") in December 2000 and the Project took his case in 2001. (Doc. 11 at 1; Doc. 1 at 11). The Project ultimately closed review of the case on July 15, 2010, stating there was "no new evidence or information with which to approach a court and seek to have [his] conviction overturned and a new trial granted." (*Id.*, Ex. 1).

On August 9, 2010, Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1 at 1). He asserts the following grounds for relief: ineffective assistance of trial counsel in failing to investigate allegations against him and in negotiating the plea agreement, improper jury instructions, and denial of his right to have a jury find "elements of aggrevation [sic] later to be used against defendant at sentencing." (*Id.* at 6–9). On October 3, 2011, Magistrate Judge Irwin issued an R & R recommending that the Petition be dismissed with prejudice as untimely. (Doc. 10). On October 18, 2011, Petitioner filed objections to the R & R. (Doc. 11).

**DISCUSSION**

**I.    Legal Standard**

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Such petitions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244.

**A.    Statute of Limitations under AEDPA**

Under AEDPA, petitions for habeas corpus are governed by a one-year statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (AEDPA "establishes a 1-year statute of limitations for filing a federal habeas corpus petition") (citing 28 U.S.C. § 2244(d)(1)). The limitation period begins to run when the state conviction becomes final—either "upon 'the conclusion of direct review or the expiration of the time for seeking such review.'" *White v. Klitzkie*, 281 F.3d 920, 923 (9th Cir. 2002) (quoting 28 U.S.C. § 2244(d)(1)(A)).

"State prisoners . . . whose convictions became final prior to AEDPA's enactment [on April 24, 1996], had a one-year grace period in which to file their petitions." *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001). Under Rule 6(a), "that one-year grace period . . . ended on April 24, 1997 in the absence of statutory tolling." *Id.* at 1246; Fed. R. Civ. Pro. 6(a).

**1.    Statutory Tolling of the Limitations Period**

The one-year limitation period is statutorily tolled during any time in which a "properly filed" state petition for post-conviction relief is "pending" before the state court, and "must be tolled for the entire period in which a petitioner is appropriately pursuing and exhausting his state remedies." 28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003, 1004 (9th Cir. 1999). The period is not tolled between the final decision of a state appeal and subsequent challenges "because there is no case 'pending' during that interval." *Nino*, 183 F.3d at 1006.

**2.    Equitable Tolling of the Limitations Period**

- 3 -

1   In certain limited circumstances, AEDPA's one-year filing deadline may be equitably
2   tolled. *See Holland v. Florida*, 130 S. Ct. 2549, 2590 (2010). A petitioner is entitled to
3   equitable tolling if he can demonstrate that "(1) he has been pursuing his rights diligently,
4   and (2) that some extraordinary circumstance stood in his way" to prevent his timely filing.
5   *Pace*, 544 U.S. at 418; *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (quoting *Bryant*
6   *v. Ariz. Atty. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007)). For instance, equitable tolling is
7   available "where an attorney's misconduct is sufficiently egregious," such as where an
8   attorney refuses to file a petition at the client's request or when the attorney abandons the
9   client. *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003); *Holland*, 130 S. Ct. at 2568
10  (Alito, J., concurring). Equitable tolling is also available where a petitioner is denied access
11  to his case file for an extended period of time. *Lott v. Mueller*, 304 F.3d 918, 924 (9th Cir.
12  2002). Nevertheless, "the threshold necessary to trigger equitable tolling [under AEDPA] is
13  very high, lest the exceptions swallow the rule." *Spitsyn*, 345 F.3d at 799 (quoting *Miranda*
14  *v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)). Equitable tolling is not available "in non-
15  capital cases where attorney negligence has caused [an untimely] filing of a petition."
16  *Spitsyn*, 345 F.3d at 800. *See also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (equitable
17  tolling not available merely because of a counsel's ordinary negligence, such as
18  "miscalculating the limitations period").

19  **II.   Analysis**

20  Judge Irwin's R & R recommends that the Court deny the Petition because the
21  AEDPA statute of limitations has run. The R & R states that Petitioner's limitations period
22  was statutorily tolled while Petitioner had pending PCR petitions. (Doc. 10 at 5:1–7). But
23  after those petitions were dismissed, the one-year statute of limitations began to run again
24  and expired on August 23, 1999. (*Id.* at 5:11–12). The limitations period should not be
25  equitably tolled because Petitioner's pro se status and his former counsel's decision not to
26  file a habeas petition were not extraordinary circumstances. (*Id.* at 5:5–8, 15–20).

27  Petitioner objects to the R & R, contending that his limitations period should have
28  been equitably tolled from August 1999 when his limitations period expired until August

- 4 -

1  2010 when he filed his Petition—a period of eleven years. (Doc. 11). Petitioner requests
2  equitable tolling because (1) Joseph Collins, his counsel from 1998 until 2000, stopped
3  seeking post-conviction relief on his behalf; and because (2) Petitioner's pro se status
4  inhibited him from conducting effective discovery. (*Id.* at 1, 5). Furthermore, Petitioner raises
5  substantive reasons for why his habeas claim has merit. (*Id.* at 6–10). Rule 72(b) provides
6  that the district judge "must determine de novo any part of the magistrate judge's disposition
7  that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

### A.   Equitable Tolling

#### 1.   Representation by Joseph Collins

Petitioner states that the limitations period should be equitably tolled because in 2000 "Collins stopped his attempt with Petitioner's PCR saying that he could not go forth." (Doc. 11 at 1). However, Collins's decision not to pursue further post-conviction relief after the petition he filed was denied does not constitute an extraordinary circumstance that would toll the limitations period. While a petitioner may be entitled to a reasonable length of equitable tolling where he is "abandoned" by his attorney, Petitioner does not make such an allegation. *Holland*, 130 S. Ct. at 2568 (Alito, J., concurring). Abandonment, consists of "near-total failure to communicate with petitioner or to respond to petitioner's many inquiries and requests." *Id.* at 2568. Petitioner does not contend that Collins was engaged to pursue additional post-conviction relief or file a habeas petition, or that Collins refused such requests. Moreover, Petitioner states that the Project took Petitioner's case in 2001. (Doc. 11 at 2). Even if Collins's conduct was sufficiently egregious to equitably toll Petitioner's limitations period during the two years he represented Petitioner, such conduct would not continue to equitably toll Plaintiff's limitations period during the subsequent nine years that he was represented by the Project.

#### 2.   Petitioner's Pro Se Status

Petitioner also seeks equitable tolling on the grounds that it was difficult for him as a pro se plaintiff to discover the conduct by his trial counsel that allegedly entitles him to relief:

- 5 -

> By going to trial unprepared . . . [Petitioner's trial counsel] was ineffective. This fact was only made clear after such diligence as 19 years of struggle with no money by Petitioner. If it had not been for the Justice Project . . . this truth would still be masked.

(Doc. 11 at 5).

The attorneys at the Project did not, however, pursue a habeas claim; and they closed Petitioner's case after determining there was no new evidence to bring before a court to review his sentence or conviction. (Doc. 1, Ex. 1). Petitioner does not allege that the attorneys at the Project were negligent or that their conduct was egregious. Moreover, even if Petitioner's conclusory allegation that he pursued his rights diligently for 19 years is true, he has not alleged any extraordinary circumstance which prevented him from filing his petition earlier. *See Pace*, 544 U.S. at 418 (equitable tolling available when petitioner is both diligent in pursuing rights *and* had extraordinary circumstances preventing earlier filing). His pro se status in itself does not amount to an extraordinary circumstance. *Robinson v. Kramer*, 588 F.3d 1212, 1216 (9th Cir. 2009) (citing *Felder v. Johnson*, 204 F.3d 168 (5th Cir. 2000)); *see also Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.").

Petitioner has not demonstrated that either Collins or the Arizona Justice Project abandoned him or failed to provide him with adequate legal representation. Petitioner has not demonstrated extraordinary circumstances that would equitably toll his statute of limitations for eleven years.

**B.  Substantive Grounds**

Even if Plaintiff's habeas Petition were not barred by AEDPA's statute of limitations, it would fail on substantive grounds. First, Petitioner cites *Blakely v. Washington*, 542 U.S. 296 (2004) for the proposition that a jury must "prove every element" of a crime that may subsequently be used to enhance a defendant's sentence above the statutory maximum. (Doc. 11 at 6). Petitioner argues that under *Blakely*, a jury should have determined whether he used a gun for the sentencing judge to enhance his sentence on that basis. (*Id.*). Petitioner was sentenced in 1991, and *Blakely* was not decided until 2004.  The rule in *Blakely* does not

apply retroactively to Petitioner's sentence. *State v. Febles*, 210 Ariz. 589, 595, 115 P.3d 629, 632 (App. 2005) ("*Blakely* only applies to cases not yet final when the opinion was issued."). Second, Petitioner alleges that he was forced to sign a plea agreement on the murder charge. (Doc. 11 at 2, 9). The record, however, reflects that Petitioner was found guilty by a jury in Maricopa County Superior Court; there was no plea agreement. (Doc. 8, Ex. A at 2–3).

Petitioner lastly contends that he is entitled to relief under *Glasser v. United States*, 380 U.S. 415 (1965) and *Douglas v. Alabama*, 315 U.S. 60 (1942), *superceded by statute on other grounds by Bourjaily v. United States*, 483 U.S. 171 (1987). In *Glasser*, the Supreme Court held that a defendant's counsel cannot concurrently represent a defendant and other clients where doing so would create conflicts of interest. 315 U.S. at 76. Petitioner has not made any showing that his trial counsel represented other clients during his representation or that such representation created a conflict of interest. In *Douglas*, the Supreme Court upheld a defendant's right to cross-examine witnesses under the Confrontation Clause. 380 U.S. at 419. Petitioner does not allege that his trial attorney failed to cross-examine witnesses or that he was denied the right to confront witnesses.

In sum, Petitioner has not shown that his trial proceedings were in violation of clearly established federal law or were based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1)–(2).

### C. Certificate of Appealability

When a habeas petition is denied on procedural grounds, the court may issue a certificate of appealability ("COA") if the applicant has "made a substantial showing of the denial of constitutional right." 28 U.S.C. § 2253(c)(2). A COA is issued "if the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and . . . whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Given that Petitioner filed this Petition eleven years after his one-year statute of limitations had run and that he has

not presented facts suggesting the statute should have been equitably tolled, this Court finds that reasonable jurists would not debate this Court's procedural ruling. Therefore, a COA will not be issued.

## CONCLUSION

Petitioner's one-year statute of limitations was statutorily tolled until August 23, 1999 and Petitioner filed this Petition on August 9, 2010. Petitioner is almost eleven years late with this Petition, and he does not have an extraordinary circumstance to merit equitable tolling.

**IT IS THEREFORE ORDERED:**

1. Magistrate Judge Irwin's R&R (Doc.10) is **ACCEPTED**.

2. Petitioner Washington's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

3. The Clerk of Court shall **TERMINATE** this action.

4 Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED this 3rd day of April, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge